WADE CLARK MULCAHY
By: Robert J. Cosgrove
917 Mountain Avenue
Mountainside, New Jersey 07092
(908) 789-1681
Attorneys for Nautilus Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | : DOCKET NO.: |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| TRIPLE C CONSTRUCTION, INC. | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff NAUTILUS INSURANCE COMPANY (hereinafter "Nautilus"), by and thorough its attorneys, WADE CLARK MULCAHY, alleges the following as its Complaint for Declaratory Judgment:

## THE PARTIES

1.      Nautilus is an Arizona corporation with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260 and is a citizen of the State of Arizona for purposes of diversity jurisdiction.

2.     Upon information and belief, defendant TRIPLE C CONSTRUCTION, INC. (hereinafter "Triple C") is a New Jersey corporation with its principal place of business at 3119 Reverse Blvd., Brigantine, New Jersey and is a citizen of the State of New Jersey for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

3.     Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.

4.     Personal jurisdiction over Triple C is proper as it is a citizen of New Jersey, and conducts its business and obtained the insurance policy at issue in the State of New Jersey.

5.     Venue is proper under 28 U.S.C.A. § 1391 because the insurance policy at issue was issued in, and a substantial part of the events giving rise to the claim, occurred in this district.

6.     An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

## FACTUAL BACKGROUND

### The Underlying Action

7.     On or about August 13, 2009, VANDER TEIXEIRA (hereinafter "Teixeira") commenced an action against Triple C, 3 Brothers Construction ("3 Brothers"), A. Tyra Construction Inc. ("A. Tyra"), Tradiaco Construction LLC ("Tradiaco"), among others, captioned *Teixeira v. 3 Brothers Construction, et. al.*, in Superior Court of New Jersey, Camden County, Docket No. CAM-L-4057-09 (hereinafter "Underlying Action") in which

he seeks to recover for injuries he sustained while working at a jobsite at 2701 Ocean Avenue, Brigantine, NJ 08203 ("Worksite"). *See* Teixeira's amended complaint attached hereto as Exhibit "A" at ¶¶ 14-19.

8.      Teixeira alleges that on April 10, 2009 or April 10, 2008 while working at the Worksite, he inadvertently touched the trigger of a nail gun which fired a nail that penetrated his abdomen. *See id.* at ¶¶ 17-18.

9.      Teixeira alleges that Triple C, 3 Brothers, A. Tyra and Tradiaco were contractors or managers at the Worksite at the time of his injuries. *See id.* at ¶¶ 14 & 23.

10.     Teixeira alleges that he was at the Worksite "working for" 3 Brothers Construction, a contractor, at the time of his injuries. *See id.* at ¶¶ 15, 23.

11.     Teixeira further claims that he was at the Worksite in order to perform services for the "common benefit" of A. Tyra, 3 Brothers, Tradiaco, among others. *See id.* at ¶ 27.

12.     Teixeira asserts one cause of action against Triple C: negligence. Teixeira claims that, among other things, Triple C, 3 Brothers, A. Tyra and Tradiaco provided a nail gun with a disabled "contact trip mechanism"; failed to adequately instruct, monitor, supervise and train Teixeira and the contractors and subcontractors at the Work Site; removed the spring from the contact trip mechanism; "knew with a high degree of probability that harm would result;" and "acted with intentional, wanton and willful disregard for [Teixeira's] health, safety and rights." *See id.* at ¶ 31.

13.     Teixeira is seeking punitive damages. *See id.* at ¶ 35 and "Wherefore" clause for Count I.

14.     On or about February 3, 2010, Teixeira served his amended complaint in the Underlying Action. *See* Exhibit "A."

### The Relationship Between Triple C, A. Tyra, Tradiaco, 3 Brothers and Teixeira

15.     In January 2008, Triple C, as "Builder," entered into an agreement with A. Tyra, as "Contractor," for A. Tyra to perform work at the Worksite. *See* Proposal, dated January 24, 2008, annexed hereto as Exhibit "B."

16.     A. Tyra in turn contracted with Tradiaco, as "Subcontractor," for Tradiaco to perform work at the Worksite. *See* Proposal, dated January 18, 2008, annexed hereto as Exhibit "C."

17.     Upon information and belief, 3 Brothers contracted with Tradiaco, A. Tyra and/or Triple C to perform work at the Worksite.

18.     Upon information and belief, Teixeira was hired by 3 Brothers, Triple C, A. Tyra and/or Tradiaco to perform work at the Worksite.

### The Policy and ROR

19.     Nautilus issued commercial general liability insurance policy number NC692756 (hereinafter "Policy") to Triple C c/o Charles Howard. *See* Policy, attached hereto as Exhibit "D." The Policy was in effect for the period September 14, 2007 to September 14, 2008.

20.     The Policy's Insuring Agreement at Commercial General Liability Coverage Form CG 00 01 (12/04), Section 1 – Coverages, Coverage A. Bodily Injury and Property Damage Liability, reads in part:

4

1. Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

        (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; . . .

*See* Exhibit "D."

    21.    The Policy contains the following definition at Commercial General Liability

Coverage Form CG 00 01 (12/04), Section V – Definitions:

    13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*See* Exhibit "D."

22.     The Policy contains the following exclusions to coverage at Commercial

General Liability Coverage Form CG 00 01 (12/04), Section I – Coverages, Coverage A.

Bodily Injury and Property Damage Liability:

> 2. Exclusions
>
> This insurance does not apply to:
>
> a. Expected or Intended Injury
>
>> "Bodily injury" or "property damage" expected or intended
>> from the standpoint of the insured.  This exclusion does not
>> apply to "bodily injury" resulting from the use of reasonable
>> force to protect persons or property.
>>
>> * * *
>
> d. Workers' Compensation And Similar Laws
>
>> Any obligation of the insured under a workers' compensation,
>> disability benefits or unemployment compensation law or any
>> similar law.

*See* Exhibit "D."

23.     The Policy's also provides at Commercial General Liability Coverage Form

CG 00 01 (12/04), Section I – Coverages, Coverage C. Medical Payments:

> 1. Insuring Agreement
>
> a.  We will pay medical expenses as described below for "bodily
>     injury" caused by an accident:
>
>> (1) On premises you own or rent;
>> (2) On ways next to premises you own or rent; or
>> (3) Because of your operations;
>
> provided that:
>
>> (1) The accident takes place in the "coverage territory" and
>>     during the policy period;
>> (2) The expenses are incurred and reported to us within one
>>     year of the date of the accident; and

6

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

\* \* \*

2. Exclusions

We will not pay expenses for "bodily injury":

\* \* \*

b. Hired Person

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

\* \* \*

d. Workers Compensation And Similar Laws
To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

\* \* \*

g. Coverage A Exclusions

Excluded under Coverage A.

*See* Exhibit "D."

24.    The Policy contains Endorsement L205 (06/06) entitled "Exclusion – Injury to

Employees, Contractors, Volunteers and Workers" which provides:

A. Exclusion e. Employer's Liability under Paragraph 2., Exclusions of Section I - Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

This insurance does not apply to:

e.  Employer's Liability

"Bodily injury" to:

(1) An "employee" of any insured arising out of and in the course of:

7

           (a) Employment by any insured; or

           (b) Performing duties related to the conduct of any insured's business; or

      (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether any insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

C. For the purpose of this endorsement, the definition of "Employee" in the Definitions Section is replaced by the following:

"Employee" is any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor. This definition of "employee" will not modify the provisions of Section II - Who Is An Insured.

*See* Exhibit "D."

      25.    The Policy contains Endorsement S062 (08/03), entitled "Exclusion –

Professional Services – Contractors, Engineers, Architects, Surveyors and Construction

Management" which provides:

The following exclusion is added to Paragraph 2. Exclusions under SECTION I - COVERAGES:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of the rendering of or failure to render any professional services by you or on your behalf. Professional services include:

8

    (1) An error, omission, defect or deficiency in any test performed, or an evaluation, a consultation or advice given by or on behalf of any insured; and/or

    (2) The reporting of or reliance upon any such test, evaluation, consultation or advice; and/or

    (3) The preparing, approving, or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications; and/or

    (4) Supervisory, inspection, quality control, architectural or engineering activities.

*See* Exhibit "D."

26.    The Policy contains Endorsement S277 (03/06), entitled "Additional Conditions and Exclusions – Contractors Subcontracted Work" which provides in part:

> C. The following is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability and Coverage B - Personal and Advertising Injury Liability:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of work performed by any contractors or subcontractors unless such work is being performed specifically and solely for you.

*See* Exhibit "D."

27.    The Policy contains Endorsement S017 (01/098), entitled "Exclusion – Punitive or Exemplary Damages" which provides:

> The following is added to EXCLUSIONS:
>
> This insurance does not apply to a claim of or indemnification for punitive or exemplary damages. If a "suit" shall have been brought against you for a claim within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then we will afford a defense for such action. We shall not have an obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

*See* Exhibit "D."

28. After Nautilus received Teixeira's complaint, it assigned Burke & Potenza to serve as defense counsel for Triple C in the Underlying Action under a strict reservation of rights. *See* reservation of rights letter, attached hereto as Exhibit "E."

29. The Policy provides no coverage to Triple C for Teixeira's claims and the Underlying Action.

## COUNT I – TEIXEIRA'S CLAIMS ARE NOT COVERED UNDER THE POLICY'S "INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS" EXCLUSION

30. Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "29" inclusive, with the same force and effect as if set forth here more particularly at length.

31. The injuries alleged in Teixeira's complaint are specifically excluded under the "Injury to Employees, Contractors, Volunteers and Workers" found in the Policy's Endorsement L205 (06/06).

32. The exclusion bars coverage for claims of "bodily injury" to an "employee" of any insured arising out of and in the course of employment by any insured or performing duties related to the conduct of any insured's business.

33. Teixeira is an "employee" of Triple C as defined in the Endorsement because he is a person "who provide[d] services directly or indirectly to" Triple C. *See* Exhibit "A" at ¶¶ 14, 15, 23, 27.

34. Teixeira also is an "employee" of Triple C because he is a person who was "hired by, loaned to, or contracted by" Triple C or Triple C's "contractor, subcontractor, or independent contractor." *See id.* at ¶¶ 14, 15, 23, 27.

35.    Teixeira also alleges that his injuries arose out of and were in the course of his employment and while performing duties related to the conduct of the insured's business. *See id.* at ¶¶ 15, 23, 27.

36.    Accordingly, Nautilus has no duty to defend and/or indemnify Triple C in the Underlying Action.

## COUNT II – THE POLICY DOES NOT PROVIDE COVERAGE FOR TEIXEIRA'S CLAIMS THAT TRIPLE C ACTED INTENTIONALLY

37.    Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "36" inclusive, with the same force and effect as if set forth here more particularly at length.

38.    The policy only provides coverage for bodily injury that is caused by an "occurrence" or accident.

39.    Teixeira alleges that Triple C "knew with a high degree of probability that harm would result" and "acted with intentional, wanton and willful disregard for [Teixeira's] health, safety and rights." *See* Exhibit "A" at ¶ 31.

40.    Accordingly, Nautilus has no duty to defend and/or indemnify Triple C for Teixeira's claims that Triple C acted intentionally.

## COUNT III – THE POLICY'S "EXPECTED OR INTENDED INJURY" EXCLUSION BARS COVERAGE FOR TEIXEIRA'S CLAIMS THAT TRIPLE C ACTED KNOWLINGLY AND INTENTIONALLY

41.    Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "40" inclusive, with the same force and effect as if set forth here more particularly at length.

42.    The Policy specifically bars coverage for "bodily injury" that is "expected or intended from the standpoint of the insured."

11

43.     Teixeira alleges that Triple C "knew with a high degree of probability that harm would result" and "acted with intentional, wanton and willful disregard for [Teixeira's] health, safety and rights." *See* Exhibit "A" at ¶ 31.

44.     Accordingly, Nautilus has no duty to defend and/or indemnify Triple C for Teixeira's claims that Triple C acted knowingly and intentionally.

## COUNT IV – THE POLICY BARS COVERAGE TO THE EXTENT TEIXEIRA CLAIMS TRIPLE C FAILED TO RENDER A "PROFESSIONAL SERVICE"

45.     Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "44" inclusive, with the same force and effect as if set forth here more particularly at length.

46.     The Policy's "Professional Services – Contractors, Engineers, Architects, Surveyors and Construction Management" exclusion bars coverage for claims of bodily injury that arise out of the rendering or failure to render any "professional service" by or on behalf of Triple C. "Professional services" include errors, omissions, defects or deficiencies in advice given by or on behalf of any insured, and supervisory and quality control activities. *See* Exhibit "D."

47.     Teixeira claims that Triple C failed to adequately instruct, monitor, supervise and train Teixeira and the contractors and subcontractors at the Work Site. *See* Exhibit "A" at ¶ 31.

48.     Accordingly, the Policy does not provide coverage for Teixeira's claims that Triple C failed to properly advise, instruct or supervise Teixeira.

## COUNT V – THE POLICY BARS COVERAGE TO THE EXTENT TEIXEIRA CLAIMS HIS INJURIES AROSE OUT OF WORK NOT PERFORMED SOLELY FOR TRIPLE C

49.    Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "48" inclusive, with the same force and effect as if set forth here more particularly at length.

50.    The Policy's "Contractors Subcontracted Work" exclusion bars coverage for claims of bodily injury that arise out of work performed by any contractors or subcontractors unless such work is being performed specifically and solely for you. *See* Exhibit "D."

51.    Accordingly, the Policy does not provide coverage to the extent Teixeira claims his injury arose out of work not being performed solely and specifically for Triple C.

## COUNT VI – THE POLICY BARS COVERAGE TO THE EXTENT TEIXEIRA CLAIMS ENTITLEMENT UNDER WORKERS' COMPENSATION OR SIMILAR LAWS

52.    Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "51" inclusive, with the same force and effect as if set forth here more particularly at length.

53.    The Policy's "Workers' Compensation And Similar Laws" exclusion specifically bars coverage for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

54.    Thus, to the extent Teixeira claims he is entitled to recover from Triple C under a Workers Compensation, disability benefits, unemployment compensation law or any similar law, the policy bars coverage for such claims.

## COUNT VII – THE POLICY DOES NOT COVER TEIXEIRA'S MEDICAL COSTS

55.     Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "54" inclusive, with the same force and effect as if set forth here more particularly at length.

56.     The Policy specifically bars coverage for medical expenses for bodily injury to persons hired to do work for or on behalf of any insured. *See* Exhibit "D."

57.     The Policy also applies the exclusions that apply to bodily injury claims to claims for medical costs. *See id.*

58.     In addition, the Policy excludes coverage for medical costs to a person if benefits for the injury are payable under a workers' compensation or disability benefits law or a similar law. *See id.*

59.     Accordingly, the Policy does not provide coverage for any claims for medical costs.

## COUNT VIII – THE POLICY DOES NOT COVER TEIXEIRA'S CLAIMS FOR PUNITIVE DAMAGES

60.     Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "59" inclusive, with the same force and effect as if set forth here more particularly at length.

61.     The Policy specifically excludes coverage for claims of punitive or exemplary damages. *See* Exhibit "D."

62.     In the Underlying Action, Teixeira seeks punitive damages. *See id.* at ¶ 35 and "Wherefore" clause for Count I.

63.    Accordingly, the Policy does not provide coverage for Teixeira's claims for punitive damages.

### COUNT IX – THE INJURY MAY NOT HAVE OCCURRED WITHIN THE POLICY PERIOD

64.    Nautilus repeats and reiterates each and every allegation heretofore made in this complaint in paragraphs designated "1" through "63" inclusive, with the same force and effect as if set forth here more particularly at length.

65.    The Policy provides coverage only for bodily injury that occurs during the policy period of September 14, 2007 through September 14, 2008.  *See* Exhibit "D."

66.    In his recently amended complaint, Teixeira alleges that he was injured by the nail gun on April 10, 2009 -- more than six months after the Policy expired.  *See* Exhibit "A" at ¶ 18; Exhibit "D."

67.    Accordingly, to the extent that Teixeira's injuries occurred on April 10, 2009, the Policy does not provide coverage for Teixeira's claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Triple C for:

    a.    A declaration that Nautilus has no duty to defend Triple C with respect to Teixeira's claims and the Underlying Action;

    b.    A declaration that Nautilus has no duty to indemnify Triple C with respect to Teixeira's claims and the Underlying Action;

    c.    Interests, costs and disbursements of this action; and

    d.    Such other, further and different relief as this Court deems just and proper.

Dated: Mountainside, New Jersey
       April 27, 2010

                        WADE CLARK MULCAHY

                        /s/

                        Robert J. Cosgrove, Esq.
                        Attorneys for Nautilus
                        917 Mountain Avenue
                        Mountainside, New Jersey 07092
                        Our File No.: 811.6400.1RC

## CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  Mountainside, New Jersey
       April 27, 2010

WADE CLARK MULCAHY

/s/

By:  Robert J. Cosgrove